IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCELLOUS L. WALKER, DANIEL
ARENDS, FREDICK LEE PHARM,
SHERMELL TABOR, EDWIN JONES,
BRANDEN SUSTMAN and JOSHUA ROGERS,

                          Plaintiffs,

   v.

KEVIN R. HAYDEN, DHFS Secretary
and BRYAN BARTOW, WRC Director,

                          Defendants.

ORDER

3:08-cv-00018-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs are a group of patients who have been civilly committed as "sexually violent persons" under Wisconsin Statutes Chapter 980. In this case, plaintiffs stated their intention to prosecute fifteen claims that were severed in accordance with <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007), from another case, <u>Walker v. Hayden</u>, 07-cv-675-bbc. However, because they advised the court that none of them has enough money to pay the fee for filing this case, I offered them the option of asking to proceed <u>in forma pauperis</u>.

      In an order entered on January 10, 2008, I told plaintiffs that a decision whether they

1

may proceed in forma pauperis would be stayed until they submit resident trust fund account statements for the period beginning approximately July 1, 2007 and ending approximately January 1, 2008. I told plaintiffs also that any plaintiff who does not submit the required statement by January 31, 2008, or show cause for his failure to do so will be dismissed from this case.

Now, instead of submitting resident trust fund account statements, each plaintiff has submitted an "Affidavit of Indigency." In the affidavits, each plaintiff states that he is institutionalized; that he does not own a home or other valuable property; that he is not employed; and that he does not receive from social security or any other source. Each states also that he has $10 or less presently in his patient account. Unfortunately, plaintiffs' averments that they are indigent and have minimal or no assets are not enough for me to conclude that each of them is indigent. It is not entirely clear why plaintiffs disregarded my request that they submit resident trust fund account statements for the most recent six-month period and instead provided the affidavits they did. Perhaps plaintiffs believe that because they are not prisoners, they are not subject to the Prison Litigation Reform Act and thus are not required to submit trust fund account statements.

However, in determining whether an institutionalized person who is not subject to the PLRA is eligible for pauper status, it is my practice to apply the formula set out in 28 U.S.C. § 1915(b)(1), as was approved by the Court of Appeals for the Seventh Circuit in

2

Longbehn v. United States, 169 F.3d 1082, (7th Cir. 1999). The formula cannot be computed from the affidavits plaintiffs provided because they do not show all the deposits made to plaintiffs' institution accounts for the required six-month period. This means I cannot calculate what portion of the filing fee each plaintiff may be able to pay, if any, by looking at their average monthly balances and average monthly deposits and collecting 20% of the greater of these two figures.

Because plaintiffs have not complied with this court's directive in the January 10 order, I will allow each of them one more opportunity to submit the statements. If any plaintiff fails to provide his statement, I will assume that he wishes to withdraw from this action voluntarily and he will no longer be considered a party to the case.

ORDER

IT IS ORDERED that a decision whether plaintiffs may proceed in forma pauperis is STAYED until March 4, 2008, by which date plaintiffs must submit resident trust fund account statements for the period beginning approximately July 1, 2007 and ending approximately January 1, 2008. If, by March 4, 2008, any one or more of the plaintiffs fails to submit the required statement, that plaintiff will be considered to have withdrawn from

3

the lawsuit voluntarily and will be dismissed from the case.

Entered this 12th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4